UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
THOMAS GESUALDI, LOUIS BISIGNANO,
ANTHONY PIROZZI, DOMINICK MARROCCO,
FRANK FINKEL, JOSEPH FERRARA, MARC          MEMORANDUM & ORDER
HERBST, THOMAS PIALI, and DENISE            09-CV-0711      (JS)
(ETB)
RICHARDSON, as Trustees and Fiduciaries
of the Local 282 Welfare, Pension,
Annuity, Job Training, and Vacation
and Sick Leave Trust Funds,

                Plaintiffs,

        - against -

GIACOMELLI TILE INC.,

                Defendant.
----------------------------------------X
APPEARANCES:
For Plaintiffs:     Douglas Levi Sanders, Esq.
                    Friedman & Walt
                    1500 Broadway, 23rd Floor
                    New York, NY 10036

For Defendant:      No Appearance

SEYBERT, District Judge:

Pending before the Court is a motion by Plaintiffs, Thomas Gesualdi, Louis Bisignano, Anthony Pirozzi, Dominick Marrocco, Frank Finkel, Joseph Ferrara, Marc Herbst, Thomas Piali, and Denise Richardson (collectively, "Plaintiffs") for entry of a default judgment against Defendant, Giacommelli Tile, Inc. ("Defendant"). For the reasons that follow, Plaintiffs' motion is GRANTED.

BACKGROUND

"plan sponsor" within the meaning of Section 3(16)(B)(iii), 29 U.S.C. § 1002(16)(B)(iii) and Fiduciaries of the Funds, as defined by Section 3(21)(A) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(21)(A). Defendant is a New Jersey corporation that maintains and/or maintained its principal place of business at 180 Old Tappan Road, Building 1, Suite 3, Old Tappan, New Jersey 07675.

On February 19, 2009, Plaintiffs commenced this action seeking to compel Defendant to pay delinquent contributions, under the ERISA, as amended, 29 U.S.C. §§ 1145 and 1132(a)(3), plus remedies available pursuant to the Funds' Agreement and Declaration of Trust ("Trust Agreement") and pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), including unpaid contributions, interest, additional interest or liquidated damages, attorneys' fees and costs. Article IX(1)(d) of the Trust Agreement provides that "[t]he trustees [of the Funds] may at any time audit the pertinent books and records of any Employer in connection with" such employer's contributions to the Funds. Article IX(1)(f) of the Trust Agreement provides that if an employer "fails to submit the pertinent books and

records for audit within 20 days after written demand, such failure shall be a material breach of the Trust Agreement." (Am. Compl. ¶ 12.) Plaintiffs repeatedly made demands on Defendant to submit to an audit in August and September 2008, but Defendant failed to respond. Eventually, however, Plaintiffs were able to have an audit completed ("Audit # 09-0368"). (See Decl. of Gary Cheung in Supp. [DE 8-9].) Plaintiffs now seek the following relief, as outlined in audit # 09-0368:

> (1) Defendant shall pay the Trustees $50,291.47, pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), as follows:
>
> (a) Defendant shall pay the Trustees $30,144.52 in unpaid contributions as found in Audit # 09-0368;
>
> (b) Defendant shall pay the Trustees $4,180.72 in interest at the rate of 18% per annum from the date due until August 26, 2009;
>
> (c) Defendant shall pay the Trustees $0.15 in per diem interest from August 27, 2009 until the date of judgment;
>
> (d) Pursuant to Section 502(g)(2) of ERISA, § 1132(g)(2) and Article IX, § 3 of the Trust Agreement, Defendant shall pay $6,028.90 in liquidated damages;
>
> (e) Pursuant to Section 502(g)(2) of ERISA, § 1132(g)(2), Defendant shall pay $9,937.33 in fees and costs as follows:
>
> | COSTS | ATTORNEYS' FEES | AUDIT FEES | TOTAL |

3

$1,143.59   $7,314.30   $1,479.44   $9,937.33

> (2) Defendant shall also provide a surety bond in the amount of $10,000.00, and maintain said bond throughout the term of the applicable collective bargaining agreement.

(Pls.' Proposed Def. J.)

Defendant has not answered the Amended Complaint nor otherwise appeared in this action. Accordingly, on January 7, 2010, Plaintiffs filed a motion for entry of a default judgment against Defendant pursuant to Rule 55 of the Federal Rules of Civil Procedure.

## DISCUSSION

Plaintiffs seek a sum certain in this action; therefore, a detailed analysis of damages is unnecessary. In light of the evidence presented, and Defendant's failure to appear in this case, it appears that Plaintiffs are entitled to an award for the amount of damages and interest as outlined above. In addition to damages, Plaintiffs seek an award of costs and attorney's fees.

### I. Lodestar Approach for Calculating Attorneys' Fees

Courts in the Second Circuit apply the lodestar approach to calculating attorney's fees. In re W. R. Huff Asset Management Co., LLC, 409 F.3d 555, 562 (2d Cir. 2005); Bourgal v. Lakewood Haulage, Inc., 827 F. Supp. 126, 129 (E.D.N.Y.

1993). "According to this method, the number of compensable hours is multiplied by a reasonable hourly rate, and any necessary adjustments are then made to the resulting amount." Meehan v. Gristede's Supermarkets, Inc., No. 95-CV-2104, 1997 WL 1097751, at *5 (E.D.N.Y. Sept. 25, 1997).

In calculating the lodestar rate, the district court must ascertain whether the "requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 896 n.11, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984); Luciano v. Olsten Corp., 109 F.3d 111, 115 (2d Cir. 1997); Chambless v. Masters, Mates & Pilots Pension Plan, 885 F.2d 1053, 1058-59 (2d Cir. 1989). "If the Court finds that certain claimed hours are excessive, redundant, or otherwise unnecessary, the Court should exclude those hours from its lodestar calculation." Duke v. County of Nassau, No. 97-CV-1495, 2003 WL 23315463, at *1 (E.D.N.Y. Apr. 14, 2003).

The party seeking an award of attorneys' fees must support that request with contemporaneous time records that show, "for each attorney, the date, the hours expended, and the nature of the work done." N.Y. Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1154 (2d Cir. 1983); see Musical

Productions, Inc. v. Roma's Record Corp., No. 05-CV-5903, 2009 WL 3052630, at * 9 (E.D.N.Y. Sept. 23, 2009). To aid in the Court's inquiry, the moving party should also submit evidence addressing the various factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974). See Simmons v. New York City Transit Authority, 575 F.3d 170, 174 (2d Cir. 2009) (stating that district courts may consider the Johnson factors).

In this case, Plaintiffs have provided the Court with contemporaneous time records, explaining the number of hours expended by counsel. While the number of hours appear to be reasonable, the amounts charged for counsels' hourly rates are slightly above those permitted in this district. Courts in this district have awarded attorney's fees at lesser rates of $200 to $300 for partners, $200 to $250 for senior associates, $100 to $150 for junior associates and approximately $100 for paralegals, see, e.g., Morin v. Nu-Way Plastering, No. 03-CV-0405, 2005 WL 3470371, at *2 (E.D.N.Y. Dec. 19, 2005). Although these rates are somewhat outdated, they remain instructive.

Because the firm has not provided any evidence of the prevailing market rates in this District, the Court has researched the prevailing market rates in the Eastern District of New York. Perhaps most helpful, was Judge Joseph Bianco's

6

decision in Melnick v. Press, No. 06-CV-6686, 2009 WL 2824586, at *9 (E.D.N.Y. Aug. 28, 2009). Although Melnick dealt with a real property dispute, the long list of cases cited by the court are extremely informative. See id. at *9-10 (citing, for example, Moreno v. Empire City Subway Co., No. 05-CV-7768, 2008 WL 793605, at *7 (S.D.N.Y. Mar. 26, 2008) (finding that, where the fee applicant "has submitted no evidence of the prevailing market rate for attorneys of like skill litigating cases similar to plaintiff's, i.e. negligence and personal injury cases . . . it is within [the court's] discretion to determine the reasonable hourly rate at which plaintiff's counsel should be compensated based on [the court's] familiarity with plaintiff's case and the prevailing rates in the Southern District."); Alexander v. Amchem Products, Inc., No. 07-CV-6441, 2008 WL 1700157, at *7 (S.D.N.Y. Apr. 3, 2008) ("Other than Counsel's conclusory assertion that a $600 rate is 'reasonable,' he has failed to submit any case authority or other evidence in support of the reasonableness of the proffered rate. Thus, Counsel's submissions are of little help to the 'case-specific inquiry' that must be conducted by this Court regarding the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel.") (citations omitted); Moran v. Sasso, No. 05-CV-4716, 2009 WL 1940785, at *4 (E.D.N.Y. July 2, 2009)

(holding that reasonable hourly rates have ranged from $200 to $350 for partners, $200 to $250 for senior associates, $100 to $150 for junior associates, and $70 to $80 for legal assistants); Duverger v. C & C Duplicators, Inc., No. 08-CV-0721, 2009 WL 1813229, at *2 (E.D.N.Y. June 25, 2009) ("Overall hourly rates for attorneys approved in recent Eastern District of New York cases have ranged from $200 to $350 for partners, $200 to $250 for senior associates, $100 to $150 for junior associates and $70 to $80 for legal assistants.")). Based on Melnick and other cases, the Court finds that the hourly rate proffered by Plaintiff is higher than the prevailing rate in this District.

Given the particular circumstances of the representation in this case, the range of appropriate billing rates is $200-$350 per hour for partners and $100-$295 per hour for associates. Thus, the Court determines that the following rates are appropriate and reasonable in this case: $250 per hour for Douglas L. Sanders' work, and $350 per hour for William Anspach's work.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' motion for entry of default. Accordingly, the Clerk of the Court is directed to enter the proposed Judgment in

Plaintiffs' favor, except that, in calculating attorneys' fees, the Clerk should use the hourly rates outlined above along with the hourly time records outlined in Exhibit E to Plaintiffs' motion. Subsequently, the Clerk of the Court is directed to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: March 18, 2010
       Central Islip, New York